In re Henry GHERMAN, First Financial Planning Corporation of South Florida, Inc., Financial & Investment Planning, Inc. a/k/a FIP, Inc., Debtors.

Arthur G. SHAPIRO, M.D., et al., Plaintiffs,

v.

James S. FELTMAN, as Trustee for Henry Gherman, First Financial Planning and Financial Investment & Planning, Inc. a/k/a FIP, Inc., Cross-claim and Third Party Plaintiff,

v.

Henry GHERMAN, Joan Gherman, First Financial Planning Corporation of South Florida, Inc., Financial & Investment Planning, Inc. a/k/a FIP, Inc., Shari G. Rance and Craig Gherman, Cross-claim and Third Party Defendants.

Bankruptcy No. 88–03266–BKC–TCB.

Adv. No. 88–0581–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

June 21, 1989.

See also, Bkrtcy., 102 B.R. 270.

Joel M. Aresty, Miami, Fla., for defendants Henry Gherman, First Financial Planning Corp., Financial & Inv. Planning, Inc., FIP, Inc., Pro–Med Services, Inc.

Thomas K. Equels, Holtzman, Krinzman & Equels, Coral Gables, Fla., Ronald G. Neiwirth, Miami, Fla., William R. Amlong, Amlong & Amlong, P.A., Ft. Lauderdale, Fla., for Joan Gherman, Shari Gherman Rance and Craig Gherman.

James S. Feltman, Miami, Fla., Chapter 11 Trustee.

Ronald R. Peterson, Jenner & Block, Chicago, Ill., John W. Kozyak, Miami, Fla., for Chapter 11 Trustee.

Schantz, Schatzman, Aaronson & Berlin, P.A., Miami, Fla., for Chapter 11 Creditors' Committee.

Alec Wallace, Miami, Fla., State Court Successor Receiver.

Robert L. Koeppel, Mitchell K. Karpe, Timothy J. Norris, Weil, Gotshal, Manges, Miami, Fla., for Alec Wallace.

John Greaves, Chairman of the Bd., Chaska Trading, Ltd., Antigua, West Indies.

David M. Levine, Miami, Fla., for plaintiff Dr. Arthur Shapiro.

Kevin C. Gleason, Acting Asst. U.S. Trustee, Miami, Fla.

**808**

## ORDER DENYING PRO SE MOTION FOR RECONSIDERATION OF PLEADINGS

THOMAS C. BRITTON, Chief Judge.

The debtor, Gherman, who is in jail and who was then under the erroneous impression that he had no attorney of record, sent this court three letters on May 25, May 31, and June 12. These letters were returned by my office with form letters advising that this court does not consider matters presented other than by petition, application or motion as directed in the Bankruptcy Rules.

This court is now in receipt of "Defendants [sic] Motion for Reconsiderations [sic] of Pleadings" signed by Gherman, but not by his attorney of record, asking reconsideration of the letters referred to above.

The motion is denied, because it does not comply with B.R. 9011(a), which requires *inter alia* that every motion filed on behalf of a party represented by an attorney be signed by at least one attorney of record.

This requirement is no mere formality. One of its purposes is to avoid the expense and inconvenience to the court and other parties which generally result from pleadings not well grounded in fact or not warranted by existing law. This court will consider only those matters presented to it in accordance with this Rule.

Denial is, of course, without prejudice to any matters which may be properly presented upon the implied certificate of record counsel, which is imputed by Rule 9011(a).

DONE and ORDERED.